# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:24-cv-07953-HDV-AJR | Date:  September 25, 2024 |
| | Page 1 of  6 |

Title:    New York State Correctional v. Ricardo McCray

---

DOCKET ENTRY:  **ORDER TO CLARIFY IDENTITY OF PLAINTIFF AND SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED FOR IMPROPER VENUE OR DISMISSED FOR LACK OF STANDING**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

　　On September 10, 2024, a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (the "Complaint") was filed.  (Dkt. 1.)  The Court takes judicial notice of the fact that identical complaints were filed in six federal district courts between September 9, 2024 and September 10, 2024:

　　　　1. 1:24-cv-02501-RTG (District of Colorado);

　　　　2. 1:24-cv-04075-SCJ (Northern District of Georgia);

　　　　3. 2:24-cv-00142-DLB (Eastern District of Kentucky);

　　　　4. 2:24-cv-01666-RFB-MDC (District of Nevada);

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-07953-HDV-AJR                                Date:  September 25, 2024
                                                                  Page 2 of  6

Title:         New York State Correctional v. Ricardo McCray

     5. 2:24-cv-04928-DCC (District of South Carolina);

     6. 2:24-cv-00170-DCLC-CRW (Eastern District of Tennessee).

     Further, the Court takes judicial notice of the September 20, 2024 Report and Recommendation ("R&R") issued by U.S. Magistrate Judge Cynthia Richardson Wyrick of the Eastern District of Tennessee in Case No.  2:24-cv-00170-DCLC-CRW.  (See Case No. 2:24-cv-00170-DCLC-CRW, Dkt. 3.)  In the R&R, Judge Wyrick noted the following facts in that case, initiated with identical pleadings to the instant action:

1. The pleadings in Case No. 2:24-cv-00170-DCLC-CRW listed "New York State Correctional" as the Plaintiff.  However, the pleadings bore the signature of "Robert Johnson ESQ" and followed a similar pattern of vexatious and frivolous litigation filed by Robert W. Johnson in the Eastern District of Tennessee.  (Id. at n.1) (citing Johnson v. Bureau of Administrative Adjudication, No. 2:24-cv-157 (E.D. Tenn. 2024) and Johnson v. U.S. Securities and Exchange Commission et al., 2:24-cv-163 (E.D. Tenn. 2024). Accordingly, Judge Wyrick found that Robert W. Johnson was the plaintiff in that action.  Further, Judge Wyrick noted that while "New York Correctional" was listed as a plaintiff, Mr. Johnson was attempting to bring an action on behalf of Ricardo McCray against New York Correctional.  (Case No. 2:24-cv-00170-DCLC-CRW, Dkt. 3 n.1.)

2. The attorney listed on the Civil Cover Sheet in Case No. 2:24-cv-00170-DCLC-CRW was Robert Johnson, and the address provided was 65 Sidney St, Buffalo, NY 14211.  This was the same address that Robert W. Johnson provided in the two cases Mr. Johnson previously filed in the Eastern District of Tennessee.  See Johnson v. Bureau of Administrative Adjudication, No. 2:24-cv-157 (E.D. Tenn. 2024); Johnson v. U.S. Securities and Exchange Commission et al., 2:24-cv-163 (E.D. Tenn. 2024). Therefore, Judge Wyrick determined that Mr. Johnson's complaint should be treated as a *pro se* complaint.  Further, Judge Wyrick placed Plaintiff on notice that impersonating an attorney was a violation of Tennessee state law, which prohibits anyone who is not a licensed attorney from practicing law or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-07953-HDV-AJR                          Date: September 25, 2024
                                                            Page 3 of 6

Title:     New York State Correctional v. Ricardo McCray

engaging in law business.[1]

    Judge Wyrick recommended dismissal with prejudice of Mr. Johnson's complaint in Case No. 2:24-cv-00170-DCLC-CRW for failure to demonstrate that he had suffered any redressable injury in the case, and failure to demonstrate that Mr. Johnson had standing to bring the claims asserted on behalf of Mr. McCray. (2:24-cv-00170-DCLC-CRW Dkt. 3 at 4.) Further, Judge Wyrick recommended Mr. Johnson not be granted leave to amend because doing so would be futile. (Id.) Judge Wyrick based this finding on the fact that Mr. Johnson had "utterly failed to demonstrate any basis for standing," had not asserted a colorable claim, and had impersonated an attorney in his filing. (Id.)

    Additionally, Judge Wyrick considered Mr. Johnson's "long history of vexatious litigation in other jurisdictions" characterized by "extensive and abusive litigation." (Id. citing Johnson v. Russo, Nos. 5:22-cv-00439-GTS-TWD, 5:22-cv-00440-GTS-TWD, 5:22-cv-00441-GTS-TWD, 5:22-cv-00442-GTS-TWD, 5:22-cv-00443-GTS-TWD, 5:22-cv-00444-GTS-TWD, 5:22-cv-00445-GTS-TWD, 5:22-cv-00446-GTS-TWD, 5:22-cv-00447-GTS-TWD, 5:22-cv-00448-GTS-TWD, 5:22-cv-00449-GTS-TWD, 5:22-cv-00450-GTS-TWD, 5:22-cv-00451-GTS-TWD, 5:22-cv-00452-GTS-TWD, 5:22-cv-00453-GTS-TWD, 5:22-cv-00454-GTS-TWD, 5:22-cv-00455-GTS-TWD, 5:22-cv-00456-GTS-TWD, 5:22-cv-00457-GTS-TWD, 2022 WL 1490375 at *2 (N.D.N.Y. May 11, 2022). Judge Wyrick noted that Mr. Johnson is subject to prefiling orders in the Northern District of New York, Southern District of New York, District of Connecticut, Southern District of Ohio, and Eastern District of Ohio. (2:24-cv-00170-DCLC-CRW Dkt. 3 at 4-5) (citing In re Johnson, No. 5:22-PF-0003 (GTS), 2022 WL 1597718 at *2 (N.D.N.Y. May 19, 2022); Russo, 2022 WL 1490375 at *2 (citing In re: Robert W. Johnson, Respondent, No. 5:22-PF-0003 (GTS), 2022 WL 1443311 (N.D.N.Y. May 6, 2022) (collecting cases); see, e.g., Johnson v. Wolf, No. 1:19-cv-07337-GHW, Bar Order (S.D.N.Y. July 13, 2020); Johnson v. New York Police Dep't, No. 1:20-cv-01368-CM, Bar Order (S.D.N.Y. Aug. 13, 2020); Johnson v. Town of Onondaga, No. 1:19-cv-11128-CM, Bar Order (S.D.N.Y. Apr. 1, 2021); Johnson v. Vera House, Inc., No. 3:22-CV-00314-SALM, Bar Order (D. Conn. Apr. 13, 2022); Johnson v. Coe, Nos. 2:19-CV-02428-EAS, 2:19-CV-02490-EAS, 2:19-CV-02865-EAS, Bar Order (S.D. Ohio Aug. 5,

---

[1] The same is true under California law. See Cal. Bus. & Prof. Code § 6125, 6126.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-07953-HDV-AJR | Date:  September 25, 2024 |
| | Page 4 of  6 |

Title:     New York State Correctional v. Ricardo McCray

2019); Johnson v. Abel, No. 19-CV-2685, Bar Order (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se* actions without prior leave of court).

     In the instant action, the Complaint lists Ricardo McCray as a "Defendant" and "New York State Correctional" as the Plaintiff.  (Dkt. 1 at 1.)  However, the allegations of the Complaint suggest that it is really McCray seeking relief from "New York State Correctional."  (See id. at 1-5.)[2]  Further, the Civil Cover Sheet lists Robert Johnson at 65 Sidney St., Buffalo, NY 14211 as the attorney for Plaintiff and "Robert Johnson Esq." signed the Application to Proceed In District Court Without Prepaying Fees or Costs as a plaintiff.  (See Dkt. 1 at 7, Dkt. 2 at 2.)  Thus, based on the foregoing, there is considerable uncertainty as to who the Plaintiff is in this action, if he is represented, and if he is represented, by whom.  Further, the Court notes that even if the Plaintiff is not Robert Johnson (who lacks standing to bring the instant action), venue for the instant action would appear to lie in the Southern District of New York and not the Central District of California, as detailed below.

     The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant

---

[2] McCray is currently incarcerated at Sing Sing Correctional Facility located in Ossining, NY.  (Id. at 2.)  The Complaint seeks relief related to "illegal detention of Ricardo McCray: DIN 11B1607 and all other detainees qualified for habeas corpus."  (Id. at 3.) (capitalization omitted).  The Complaint also makes allegations regarding "falsifying records to convict Ricardo McCray and all other qualified detainees and NYS Department of Labor violations."  (Id.)  Further, the Complaint mentions "pending habeas corpus [petitions] . . . due to New York Correctional abuses of authority."  (Id. at 4)  Finally, the Complaint alleges that "New York State Correctional illegally detained [McCray] and all other qualifying wrongfully imprisoned detainees and [has] failed to release the inmates in a timely manner due to falsified qualified immunity rights, court records, ethics and government acts and briberies."  (Id.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-07953-HDV-AJR | Date:  September 25, 2024 |
| | Page 5 of 6 |

Title:    New York State Correctional v. Ricardo McCray

resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The basis for the claims at issue here appear to arise from Ricardo McCray's detention at the Sing Sing Correctional Facility. (Dkt. 1 at 2-4.) The Sing Sing Correctional Facility is in Ossining, NY, which is located within Westchester County. Westchester County is located within the boundaries of the Southern District of New York. See 28 U.S.C. § 112(b). Thus, there does not appear to be any basis for venue in this judicial district. By contrast, venue would appear to be proper in the Southern District of New York.

Accordingly, on or before **October 25, 2024**, Plaintiff is ordered to:

1. File a response to this order, signed under penalty of perjury, confirming his identity, stating whether he is represented, and if he is represented by whom;

2. Show cause why this action should not be transferred to the Southern District of New York or dismissed for lack of standing.

Plaintiff is warned that if he fails to timely respond to this Order, the Court may transfer the action to the Southern District of New York, dismiss it for lack of standing, or dismiss it for failure to prosecute. If Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for convenience.

Finally, the Court directs the Clerk of Court to mail a copy of this order to the following addresses: Ricardo McCray, 354 Hunter St., Ossining, NY 10562 and Robert Johnson, 65 Sidney St. Buffalo, NY 144211.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-07953-HDV-AJR                              Date: September 25, 2024
                                                               Page 6 of 6

Title:      New York State Correctional v. Ricardo McCray

    IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).